K & R DELIVERY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; K & R RENTALS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
K & R Delivery, Inc. v. Commissioner
Docket Nos. 36971-86, 37510-86.
United States Tax Court
T.C. Memo 1987-618; 1987 Tax Ct. Memo LEXIS 663; 54 T.C.M. (CCH) 1376; T.C.M. (RIA) 87618; December 23, 1987. *664 Richard E. Brandwein, for the petitioners. Joseph T. Ferrick, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: This matter is before the Court on petitioners' motion under Rule 142(e), [1] prior to trial, on the sufficiency of petitioners' statements under section 534(c). On December 3, 1985, respondent, pursuant to section 534(b) notified petitioners that he would issue notices of deficiency with determinations that petitioners had accumulated earnings within the meaning of section 531 for the 1980 and 1981 taxable years. Petitioners, on February 27, 1986, submitted statements to respondent, pursuant to section 534(c), setting forth the grounds upon which petitioners would rely to establish that their earnings and profits were accumulated for reasonable needs of the business for the 1980 and 1981 taxable years. Respondent then proceeded to issue notices of deficiency from which these cases were petitioned. These cases appear on this Court's Chicago, *665 Illinois, trail session beginning January 25, 1988. Section 534(a)(2) would place the burden of proof on respondent with respect to grounds set forth in petitioners' section 534(c) statement (534 statements). Rule 142(e) provides for a pretrial ruling upon the sufficiency of petitioners' 534 statements and whether any such statements result in the placing of the burden of proof on respondent. In order to place the burden on respondent, taxpayers must present sufficient facts to support the grounds alleged in the 534 statement. Sec. 534(c); Rutter v. Commissioner,81 T.C. 937, 939 (1983); Capital Sales, Inc. v. Commissioner,71 T.C. 416, 435-436 (1978), revd. and remanded on another issue sub nom. Simon v. Commissioner,644 F.2d 339 (5th Cir. 1981). The statement must be more than notice of an intent to prove, but must show the taxpayers' "hand by stating with clarity and specificity the grounds on which it will rely to prove reasonable business needs." Rutter v. Commissioner, supra at 939. Petitioners are engaged in general motor freight transport in interstate commerce and rental of over-the-road equipment. *666 [2] The freight portion of the business concerns transport of goods, equipment, materials and supplies used by department stores. Petitioners [3] set forth nine grounds to support their contentions that earnings and profits were not permitted to accumulate beyond the reasonable needs of the businesses. Respondent contends that petitioners' 534 statements "fail to set forth grounds justifying an accumulation of earnings" and "fail to set forth substantial, material, definite and clear facts which support the asserted grounds." Grounds (a), (b) and (c)
These three grounds concern the acquisition of a new garage-terminal and construction/additions to the existing garage-terminal. The supporting facts on these grounds were grouped together. The history (approaching 50 years) of petitioners' *667 business was described reflecting expansion from local to interstate transport. The business premises were described for the period 1952 through the years in issue and various locations and additions or construction were described. Concerning grounds (b) and (c), petitioners alleged that these construction projects were completed during the 1982 year and were needs of the business for which earnings were accumulated during 1980 and 1981. We assume that petitioners will rely upon the timing sequence and proximity to reflect that this need was anticipated and planned for because no facts showing the planning, bidding, contracting, etc., were specifically set forth. Ground (a) concerns the alleged need for a larger and better located terminal facility. The statement alleges the purchase of a site in 1978; the engagement of a named architectural firm and real estate agent; purchase of another site in 1983; reason for the delay from 1980 to 1983/1984; and the completion of the new facility in 1984. The factual information is relatively specific and names of witnesses, amounts and locations are clearly identified. Respondent in addressing petitioners' 534 statements on grounds (a), *668 (b) and (c), acknowledges that petitioners have shown that actual expansion has been achieved in close proximity to the subject taxable years. Respondent, however, argues that the alleged plans are generalized, contradictory to some extent [4] and the specifics of planning, negotiations and corporate minutes are missing. To some extent we share respondent's concern about the lack of planning (such as corporate minutes and bidding information) but such information may not exist and our task is to consider whether petitioners have "shown their hand" so as to place the burden on respondent under section 534(c), not to determine whether, in fact, the stated needs were reasonable. We find that petitioners have provided sufficient factual information and detail to "show their hand" to respondent and that, therefore, respondent shall bear the burden of proof with respect to grounds (a), (b) and (c). *669 Ground (d) - Rolling Stock Acquisition
Petitioners stated that, as a policy matter, they did not seek outside financing in the acquisition of rolling stock. The number of tractors and trailers during 1980 through 1981 was stated and the cost of individual units was set forth. Totals for 1981 and 1982 purchases of equipment were also set out. Respondent asserts that petitioners did not reflect whether purchases were for replacement or expansion and a reflection of whether petitioners' depreciation reserves were adequate to cover the acquisition from surplus. Respondent also attacked petitioners' theory that they needed to keep a "cash surplus" available to take advantage of "bargain" purchase situations. Here again respondent addresses the ultimate merits of petitioners' grounds rather than the adequacy of the grounds for purposes of section 534(c). We find that respondent will bear the burden of proof with respect to ground (d). Ground (e) - Working Capital
Petitioners' 534 statements included a brief commentary on their disagreement with the manner in which respondent computed working capital utilizing the "Mead Formula" ( W. L. Mead, Inc. v. Commissioner,T.C. Memo. 1975-215). *670 Petitioners did not set forth specific facts about their working capital needs and the burden of proof remains with petitioners on ground (e). Here again the parties argued the merits of the issue rather than the sufficiency of petitioners' 534 statements. Ground (f) - Deregulation and Route Expansion
Petitioners detailed an historical analysis of the trend toward deregulation of the trucking industry which resulted in the passage of the Motor Carrier Act of 1980, Pub. L. 96-296, 49 U.S.C. sec. 10101 (1980). Petitioners continued by explaining the likely effects upon the trucking industry caused by the deregulation including less favorable competitiveness for unionized transportation companies. Petitioners went on to provide examples of companies which ceased freight operations since deregulation and comparisons of shipments of petitioners' to other "central states operators." Petitioners then stated that part of the subject accumulation was to expand routes, provide operating expenses for a 6-month hiatus and to cover the capital loss attributable to permits rendered worthless by deregulation. Respondent points out that petitioners did not advance *671 specific facts and plans to expand routes, provide for exigencies and fund capital losses. We agree with respondent and find that the burden of proof remains with petitioners on ground (f). Grounds (g), (h) and (i) - Liquid Assets
Petitioners' 534 statements contain a brief statement disagreeing with respondent's determination of liquid assets in three respects: (1) By including inventory and accounts receivable; (2) by including "deferred taxes;" and (3) by failing to reduce net liquid assets by the "unrealized depreciation" in the value of securities held by petitioners. Petitioners did not set forth specific facts in support of these disagreed items, but simply disagreed with respondent's methodology in computing liquid assets. This is not a situation where the burden of proof is to be placed on respondent under section 534(c) and we so hold. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure and all statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. ↩
2. Petitioners K & R Rentals, Inc., became a wholly-owned subsidiary of K & R Delivery, Inc., during 1975. ↩
3. The grounds have been set forth essentially in duplicate in two separate 534 statements and respondent has treated petitioners as "consolidated." The nine grounds were delineated with the lower case letter (a) through (i) and we shall use the same designation for convenience. ↩
4. Respondent argues that expansion of the old facility is contradictory to the need to purchase a new facility, but petitioners also contend that the expansion of the old facility was necessitated by delay in their ability to relocate. This aspect will be more significant in our consideration of the issue after trial, but has little probative effect upon the sec. 534 issue. ↩